CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 3 1 2009

BY: JOHN F. CORCORAN, CLERK
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH EDWARD BARBOUR, | ) | Civil Action No. 7:09-cv-00324 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| LEGISLATION UPON VIRGINIA | ) | |
| DEPT. OF CORRECTIONS, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding pro se, filed a civil

rights action, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.

Barbour names "Legislation upon Virginia Dept. Of Corrections" as the sole defendant. This

matter is before the court for screening. After reviewing all of Barbour's submissions, the court

dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

Barbour's complaint consists of the court's standard 42 U.S.C. § 1983 form complaint

and twenty attached pages, the style of which is best described as "a stream-of-consciousness."

Barbour cites to numerous articles and sections of the United States Constitution but fails to link

these citations to any particular cause of action, grievance, or comprehensible complaint.

Recitation of all of Barbour's complaint is not necessary, but the following passage is

representative of the entire complaint:

> Erecting note to the compensation as to the privileges of the territory, I was
> charged and convicted to be upon[] constitutional violation by the upkeep
> troops, as to ships of war erected by the Prison system at noted application of
> housing prisoners beyond a territories secured debt to protect, preserve, defend
> its convictions for infamous and capital crimes (Art. IV-3-2, Art. VI-1, Fifth
> Amendment) noting a[n] arrest without secured arrest to any form of
> constitutional treason, felony, breach of peace, to form the arrest legislatively
> appli[ed] to my respective house in this case the territory of my charge and

conviction erected to arrested territory by the unconstitutional treasury erected legislation by importation and migration as to no appropriations legisl[]ated to public account to the held territories Constitutional ability to perserve [sic], protect and defend the secured debt by conviction which this application erects to a[n] unconstitutional territory by deprivations . . . .

(Compl. 4-5.) Barbour requests that his "involuntary servitude" cease, he be released in "some form," and $50,000.

## II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). The defendant, Legislation upon Virginia Department of Corrections, is clearly not a "person" subject to suit, and a suit naming this defendant, by itself, is

2

sufficient to dismiss this complaint. Furthermore, the court is not able to construe any of Barbour's claims against any possibly identifiable defendant. Even if the court could name a proper defendant, Barbour does not establish what facts constitute standing to raise a civil rights claim despite his numerous citations to various constitutional provisions. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61(1992) (holding that standing requires injury, causation, and redressability); Marshall v. Meadows, 105 F.3d 904, 906 (4th Cir. 1997) (same). Therefore, absent standing, a meritorious legal theory, or serious factual contentions, the court considers the complaint frivolous.

To the extent Barbour requests speedier release from custody, his sole remedy in federal court is a properly filed habeas petition. See Edwards v. Balisok, 520 U.S. 641, 645-47 (1997) (stating that § 1983 damages claim arguing that due process rights violations resulted in loss of good-time credits should be brought as habeas corpus petition); Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Therefore, an inmate may not seek an order from a § 1983 action that would release him from custody quicker than what an imposed sentence requires. Accordingly, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

3

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 3 1st day of July, 2009.

Senior United States District Judge

4